FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 MAR 25 AM 11: 47
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JERMAINE BOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 113-089 |
| | ) | |
| DONALD BARROW, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at Telfair State Prison in Helena, Georgia, brought the above-captioned petition pursuant to 28 U.S.C. § 2254. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2254 petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I.  BACKGROUND

This case challenges Petitioner's conviction for felony murder in the Superior Court of Richmond County, Georgia. On March 30, 2004, a Richmond County grand jury indicted Petitioner for one count of malice murder and one count of felony murder. (Doc. no. 6-6, pp. 49-51.) The Supreme Court of Georgia provided the following description of facts underlying the offenses based on the evidence as construed in favor of the verdict:

> On the night of January 10, 2004, Demetria Harris left her children, including her four-year-old son Treymaine, in the care of Boyd, with whom she lived and had a baby. When Harris returned home, she found Treymaine lying beside Boyd; the boy's head was swelling "like a water head." When Harris

asked Boyd what had happened, Boyd started "yelling and screaming and hollering" and told her that Treymaine had fallen down steps in the apartment. Harris had witnessed Boyd discipline Treymaine before by "popping" him. Harris called 911, and rather than wait for the ambulance to arrive, Boyd left. He went to his aunt's apartment which abutted Harris's but did not tell her about Treymaine's condition; he asked for a cigarette and paced the floor. Treymaine was hospitalized and died from blunt force trauma to his brain.

Investigators found no blood or other biological evidence on the stairs inside the apartment. The severity of the little boy's injuries was inconsistent with a fall down a typical flight of residential stairs; the child had sustained at least 15 blows to the head, which were consistent with those inflicted in boxing. Boyd made varying statements to the police about how the child was injured. One version was that Boyd was not present when Treymaine fell down the stairs; another was that he had been spanking Treymaine for getting into a candy dish without permission when Treymaine ran away from him to the stairwell and fell down the stairs. At one point, Boyd stated that "he swung at [Treymaine] several times and may have hit him in the head with the non-buckle end of the belt one time, but definitely not more than one time."

Boyd v. State, 686 S.E.2d 109, 110 (Ga. 2009). Petitioner was represented by appointed counsel, Charles Lyons III. (Doc. no. 6-6, pp. 2-3.) A jury found Petitioner guilty of felony murder on January 11, 2006, and he was sentenced to life imprisonment. (Id. at 117.)

Mr. Lyons also represented Petitioner on direct appeal, where he raised the following enumerations of error:

(1) the trial court erred by refusing to charge the jury on the lesser included offense of involuntary manslaughter;

(2) the trial court erred by refusing to instruct the jury on the offense of involuntary manslaughter which was the sole defense of the appellant;

(3) the trial court erred by allowing the appellee to play a hearsay recording of a witness statement; and

(4) the trial court erred by expressing an opinion to the jury regarding the voluntariness of appellant's recorded statements.

(Doc. no. 6-7, p. 565.) The Supreme Court of Georgia affirmed Petitioner's conviction and sentence on November 9, 2009. Boyd, 686 S.E.2d at 112.

On June 24, 2010, Petitioner filed a *pro se* petition for a writ of habeas corpus in the Superior Court of Telfair County. (Doc. no. 6-1.) Petitioner raised several grounds for relief, including that the trial court erred by allowing an autopsy photo into evidence and that his counsel failed to adequately investigate his case and to obtain expert witness testimony to rebut the testimony of the pathologist. (Id.) However, after attorney Rodney Zell filed a notice to appear on Petitioner's behalf, he amended the petition and proceeded only on the grounds in the amended petition. (Doc. no. 6-6, pp. 1-2.) Ultimately, Petitioner alleged five claims of ineffective assistance of appellate counsel based on his prior attorney's failure to raise on direct appeal that:

(1) the trial court erred by failing to charge the jury on the defense of accident;

(2) trial counsel provided ineffective assistance for failing to request a jury charge on the defense of accident;

(3) the indictment was deficient based on hands and feet not being alleged as deadly weapons or objects likely to cause serious bodily injury for the aggravated assault underlying the felony murder;

(4) trial counsel provided ineffective assistance for failing to object and move for a mistrial when the state's investigator commented that Petitioner was lying when he said the victim's death was an accident; and

(5) trial counsel provided ineffective assistance for failing to object and move for a mistrial when the medical examiner testified as to the ultimate issue in the case that the death was not an accident.

(Doc. no. 6-2.) On May 17, 2011, the state habeas court held an evidentiary hearing regarding only the claims in the amended petition (doc. no. 6-6), and denied Petitioner's

amended state habeas petition in its entirety on January 12, 2012 (doc. no. 6-3). The Supreme Court of Georgia denied Petitioner's application for a certificate of probable cause to appeal on October 12, 2012. (Doc. no. 6-5.)

Petitioner then timely filed the above-captioned § 2254 petition, in which he raises four grounds for relief. (Doc. no. 1.) In Ground One, Petitioner contends that appellate counsel rendered ineffective assistance for failing to raise on direct appeal the trial court's "erroneous admission of a graphic autopsy photograph." (Doc. no. 4, p. 3.) In Ground Two, Petitioner claims his trial counsel rendered ineffective assistance by failing to diligently investigate his case and review the record, specifically in preparation for a Jackson-Denno[1] hearing. (Id. at 3-4.) In Ground Three, Petitioner claims his trial counsel provided ineffective assistance for failing to obtain expert testimony to rebut the pathologist's testimony that the victim's injuries likely resulted from Petitioner punching the victim, and for failing to object to such testimony. (Id. at 4; doc. no. 1, p. 7.) In Ground Four, Petitioner claims the Supreme Court of Georgia erred in ruling on direct appeal that the trial court had not committed error by failing to instruct the jury as to involuntary manslaughter. (Doc. no. 4, p. 4.)

## II. STANDARD OF REVIEW

Under § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to

---

[1] 378 U.S. 368 (1964).

any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 131 S. Ct. 770, 787 (2011). Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) (quoting Richter, 131 S. Ct. at 786; Woodford v. Visciotti, 537 U.S. 19, 24 (2002)) (internal citation omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is "incorrect or erroneous"; only a showing that the decision was

"objectively unreasonable" will entitle a petitioner to relief. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); see also Richter, 131 S. Ct. at 786-87 ("[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."). In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398.

Moreover, AEDPA mandates a highly deferential standard of review for state court factual determinations. With regard to factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also Wood v. Allen, 558 U.S. 290, 301 (2010) ("The term 'unreasonable' is no doubt difficult to define. It suffices to say, however, that a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." (internal citation and punctuation omitted)). Additionally, § 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct" and that the habeas petitioner has the burden of rebutting that presumption "by clear and convincing evidence." See also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1287 (11th Cir. 2012) ("In a habeas proceeding, our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review.") (internal quotation marks omitted).

## III. DISCUSSION

### A. A Federal Habeas Petitioner Defaults a Claim by Failing to Properly Exhaust State Remedies.

AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss unexhausted habeas claims that the petitioner did not raise in state court, but could have raised by any available procedure. 28 U.S.C. § 2254(b)(1)(A) & (c). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see also Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)).

The exhaustion requirement applies with equal force to all constitutional claims, including claims of ineffective assistance of counsel. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). A petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. See McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005).

A federal habeas petitioner can run afoul of procedural default rules in one of two ways, depending on whether the claim at issue is an old one that the petitioner has already

7

attempted to assert unsuccessfully in state court, or a new claim that the petitioner never attempted to raise in state court. First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. "As a general rule, a federal habeas court may not review state court decisions on federal claims that rest on state law grounds, including procedural default grounds, that are 'independent and adequate' to support the judgment." Boyd v. Comm'r, Alabama Dep't of Corr., 697 F.3d 1320, 1335 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 2857 (2013).

Second, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim in his federal petition that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.").

Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006). For example, a federal habeas petitioner cannot attempt to bring a new claim in his federal habeas petition that would be procedurally barred if he attempted to raise it in state court. To that end, Georgia law prohibits the assertion of state habeas claims in any successive petition that

could have been asserted in the original state habeas petition. O.C.G.A. § 9-14-51; Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court . . . ."). As a result, Petitioner has procedurally defaulted any claims asserted in his federal petition that he could have asserted, but did not, in his state habeas proceedings.

### B. All Four Grounds for Relief in the § 2254 Petition Are Procedurally Defaulted.

None of the four grounds in the instant § 2254 petition were presented to the court in Petitioner's state habeas proceeding. Although Petitioner's initial state habeas petition contained similar claims to those in Grounds One, Two, and Three of the instant federal petition, Petitioner elected not to proceed on these claims, and instead filed an amended petition with entirely different claims. (Doc. nos. 6-1, 6-2, 6-6.) Indeed, the claims in Petitioner's original state habeas petition were not addressed during the evidentiary hearing or in the habeas court's subsequent decision. (See generally doc. nos. 6-3, 6-6.) Ground Four of the instant petition was not even in Petitioner's original state habeas petition. Therefore, none of Petitioner's claims in the instant § 2254 petition were "fairly presented in the state courts." Jones, 436 F.3d at 1304. Because Petitioner did not raise the instant claims in his state habeas proceeding, they are new claims and are procedurally barred under Georgia law. O.C.G.A. § 9-14-51; Chambers, 150 F.3d at 1327; see also Putman v. Turpin, 53 F. Supp. 2d 1285, 1294 (M.D. Ga. 1999) (claim raised in initial state habeas petition but not raised or incorporated in the amendment thereto was procedurally defaulted).

C.  **Petitioner Has Not Alleged Cause to Justify Federal Review of His Defaulted Claims and the Miscarriage of Justice Exception Does Not Apply.**

"A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default." Jones, 436 F.3d at 1304 (citing Wainwright v. Sykes, 433 U.S. 72, 97 (1977)). "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." Maples v. Thomas, 132 S. Ct. 912, 922 (2012) (internal quotation marks omitted). For example, procedural default does not preclude federal habeas review when: (1) state law or state practice operates such that ineffective assistance of trial counsel claims must be raised for the first time on the collateral review, (2) such claims are procedurally barred from subsequent review if they are not raised in the initial collateral proceeding, (3) the petitioner was without counsel in the initial collateral proceeding or habeas counsel provided ineffective assistance, and (4) the defaulted ineffective assistance of trial counsel claims are substantial. Trevino v. Thaler, 133 S. Ct. 1911, 1921 (2013); Martinez v. Ryan, 132 S. Ct. 1309, 1318-20 (2012).

"Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice." Jones, 436 F.3d at 1304 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)). The narrow fundamental miscarriage of justice exception encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray, 477 U.S. at 496 (1986).

Here, Petitioner has not presented any justification for failing to raise these claims in his state habeas proceedings—let alone something external to him that cannot be fairly attributed to him—and thus he has failed to demonstrate the cause and prejudice necessary to overcome his procedural default of these claims. Although Petitioner's grounds include claims that he received ineffective assistance of counsel, none of these claims pertain to the performance of his attorney during his state habeas proceedings. Rather, Grounds One, Two, and Three of the instant petition challenge the actions of Petitioner's attorney at trial and on direct appeal. As such, the exception described in Trevino and Martinez does not apply in this case. See Trevino, 133 S. Ct. at 1921; Martinez, 132 S. Ct. at 1318-20. Likewise, Petitioner has not contended—let alone shown—that a miscarriage of justice will occur if the Court does not consider these claims. Accordingly, Petitioner's claims in the instant § 2254 petition have been defaulted and provide no basis for federal habeas relief.

IV.  **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2254 petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 25th day of March 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE