IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JERMAINE BOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 113-089 |
| | ) | |
| DONALD BARROW, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 10). The Magistrate Judge recommended denying the petition filed pursuant to 28 U.S.C. § 2254, because the four grounds for relief Petitioner raised therein were all new claims that he had not raised either on direct appeal or in his state habeas proceedings, and thus they were procedurally defaulted. (Doc. no. 8.)

In his objections, Petitioner claims the Magistrate Judge should have construed his § 2254 petition as including not only the four grounds listed, but also all nine grounds he had previously raised in his state court proceedings. (Doc. no. 10, p. 3.) Petitioner explains he did not include these nine additional claims because he was confused by the instructions on the form petition and "thought it unnecessary to set forth those nine (9) exhausted grounds so as not to be redundant, especially considering the fact that it was known by this federal court that Petitioner had raised four grounds in his direct appeal

and, also, that the petitioner had raised five grounds in his state habeas corpus action prior to filing the instant § 2254 petition." (Id. at 4.)

The Court finds Petitioner's argument entirely unpersuasive, especially considering he filed a lengthy brief in support of his § 2254 petition, but nowhere therein argued the merits of any of the other nine claims. (See doc. no. 4.) Although Petitioner's pleadings are entitled to liberal construction given his *pro se* status, the Court may not "serve as *de facto* counsel . . . or rewrite an otherwise deficient pleading" to raise Petitioner's claims for him. Sec'y, Fla. Dep't of Corr. v. Baker, 406 F. App'x 416, 422 (11th Cir. 2010) (*per curiam*).[1] The instructions Petitioner claims were confusing state "you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully." (Doc. no. 1, p. 6 (emphasis in original).) Petitioner, however, did not provide any indication of his intent to raise the nine claims from his state court proceedings in any of his filings with the Court in this action (see doc. nos. 1, 4), nor did he speak up when Respondent filed its response addressing only the four procedurally defaulted claims in the § 2254 petition. (Doc. no. 5.) Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion and **DENIES** Petitioner's § 2254 petition.

---

[1] See also Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (liberal construction does not mean that the court has a duty to re-write pleadings); In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) (court did not have "license to serve as de facto counsel for a party").

2

Furthermore, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **ENTERS** a final judgment in favor of Respondent and **CLOSES** this civil action.

SO ORDERED this 6th day of May, 2014, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.